DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1907.

---

## Christian B. Schlapp v. McLean County Coal Company.

MINES AND MINERS ACT—*clause b, section 21 construed. Held,*
that clause b of section 21 of the Mines and Miners Act requires
that all hauling roads in mines shall be furnished with places of
refuge.

Action in case for personal injuries. Appeal from the Circuit
Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge,
presiding. Heard in this court at the May term, 1907. Affirmed.
Opinion filed December 7, 1907.

LIVINGSTON & BACH, for plaintiff in error.

SPENCER EWING, for defendant in error; JAMES S.
EWING, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

Plaintiff in error, Christian B. Schlapp, brought his
action on the case in the Circuit Court of McLean
county to recover damages for personal injuries al-
leged to have been sustained on account of the wilful
failure of defendant in error, the McLean County Coal
Co., to comply with certain provisions of the act relat-
ing to Mines and Miners. Upon the trial the court re-
fused to instruct the jury peremptorily as requested
by defendant at the close of plaintiff's evidence, but

(1)

upon a like request at the close of all the evidence a peremptory instruction was given by the court and a verdict returned finding defendant not guilty. Judgment was entered against plaintiff in error in bar of his action and for costs, and this writ of error is prosecuted to reverse such judgment.

The declaration counts upon the wilful failure of defendant in error to comply with the provisions of clause b, section 21, chapter 93, Revised Statutes, as follows:

"On all hauling roads or gangways on which the hauling is done by draft animals, or gangways whereon men have to pass to and from their work, places of refuge must be cut in the side-wall at least two and one-half feet deep, and not more than twenty yards apart; but such places shall not be required in entries from which rooms are driven at regular intervals not exceeding twenty yards, and wherever there is a clear space of two and one-half feet between the car and the rib, such space shall be deemed sufficient for the safe passage of men. All places of refuge must be kept clear of obstruction, and no material shall be stored nor allowed to accumulate therein."

From entry "No. 2 south" in the mine operated by defendant in error fifty-one rooms are driven to the west at regular intervals of forty-four feet.

The entrance to room "No. 19x" from entry "No. 2 south" was cut seven feet high, six feet wide and twelve feet long by employes of defendant in error. Thereafter, that room was assigned to two miners as a working place to take out the coal and in prosecuting their mining they worked west on the face of the coal to the width of forty-four feet. As the coal was removed and the distance was thereby increased from the face of the coal to the mouth of the room a track was laid whereon the coal was hauled in cars drawn by mules to the main track entry "No. 2 south," and the debris, slack, slate and rock was thrown on each side of the track and piled to the roof of the room—

thus a hauling road or gangway was constructed from a point near the face of the coal in the room to entry "No. 2 south." On the day of the accident, February 16, 1906, the hauling road or gangway in question was from five to six feet in width and about 200 feet in length. For 125 feet there was a sharp descent in the roadway to the east and from that point to the main track in entry "No. 2 south" the roadway ascended slightly or was substantially level. No places of refuge were cut in the side wall, no rooms were driven therefrom and there was not a clear space of two and one-half feet between a car on the track and the rib. On that day plaintiff in error, a mule driver in the employ of defendant in error, drove his mule over the roadway into room "No. 19x" for the purpose of hauling out a loaded car of coal. After hitching the mule to the car he spragged the wheels of the car, as he was required to do, to prevent the car running upon the mule, and proceeded to the bottom of the incline where he stopped the car for the purpose of removing the sprags. As he was removing the sprag from the front wheel of the car the mule started forward and plaintiff in error was caught and crushed in the narrow space between the side of the car and the rib of the roadway, and received the injuries complained of. It is clear that if there had been sufficient space between the side of the car and the rib of the roadway at the place where the car stopped, to enable plaintiff in error to get between the car and the rib and remove the sprag, no injury would have resulted.

The record does not disclose the specific ground upon which the trial court gave the peremptory instruction, but the argument of counsel for plaintiff in error suggests that it was held by the trial court that the section of the statute relied upon by plaintiff in error was inapplicable to the roadway where the accident occurred, and that no duty was thereby imposed upon defendant in error with reference to such

roadway to cut places of refuge, or drive rooms at regular intervals, or maintain a clear space of two and one-half feet between a car and the rib. It is urged on behalf of defendant in error that even if said section of the statute be held to be applicable to the roadway in question, the peremptory instruction was properly given because there is no evidence in the record tending to show that the failure of defendant in error to observe the requirements of the statute was the proximate cause of the injury to plaintiff in error.

Counsel for defendant in error insist that the statute does not require that all hauling roads in a mine shall be furnished with places of refuge, but only such hauling road whereon men, other than the two miners engaged in working in a room, have to pass to and from their work. We do not so construe the statute. The language of the statute is clear and explicit and leaves no room for doubt as to its construction. It says, "On all hauling roads or gangways on which the hauling is done by draft animals, or gangways whereon men have to pass to and from their work, places of refuge must be cut," etc. The roadway in question was constructed and maintained for the purpose of hauling coal in cars, as well as for the passage of men to and from their work, and the only method provided and in use for hauling on such roadway was by draft animals. If hauling is done by draft animals upon a roadway of sufficient length to permit places of refuge to be cut in the side wall the statute imposes the duty upon the operator to provide such places of refuge, and this notwithstanding men may not be required to pass thereon to and from their work. The statute in that regard is in the disjunctive and not conjunctive. However, the legislature must have appreciated the fact that draft animals do not work automatically and independently of human agency, and that in all hauling roads and gangways whereon draft animals are used men are also necessarily re-

quired to pass and repass in performing the several duties of driving, timbering, removing falls, inspection, etc.

The record, however, is barren of any proof even tending to show that the failure of defendant in error to provide places of refuge in the roadway was the proximate cause of the injury. The statute does not require the mine operator to maintain a clear space of two and one-half feet between the car and the rib the entire length of a roadway. In this regard it is also in the disjunctive. If there is such a clear space the entire length of the roadway, or its rooms are driven therefrom at regular intervals not exceeding twenty yards, no places of refuge are required. Places of refuge are only required where both of the other avenues for the safe passage of men are absent.

Defendant in error was not required to provide a place of refuge in the side wall of the roadway at the identical place where the car was stopped upon the occasion when plaintiff in error was injured, or at any other particular place in the roadway. Its duty in that regard would have been fully discharged if places of refuge had been provided at any points in the side wall not more than twenty yards apart, and it is manifest that unless a place of refuge was provided in the immediate vicinity of the place where the car was stopped, so that plaintiff in error could have made use of the same when he attempted to remove the sprag from the wheel, it would have availed him nothing. The proximate cause of the injury, therefore, was not the failure of defendant in error to provide places of refuge in the side wall of the roadway, as required by the statute, but rather the absence of a place of refuge, or of sufficient space between the car and the rib, at a particular place or point where the statute imposed no duty upon defendant in error to provide such place of refuge or sufficient place. In the absence of any evidence tending to show that the violation by defendant in error of

the provisions of the statute relied upon, was the proximate cause of the injury sustained by plaintiff in error, the peremptory instruction was properly given to the jury, and the judgment will be affirmed.

*Affirmed.*